(7 Misc. Rep. 305.)

### SMITH v. SMITH.

(Supreme Court, Special Term, Saratoga County. January, 1894.)

DIVORCE—ENTRY OF JUDGMENT IN ACTION TRIED BY REFEREE.
   Code Civ. Proc. § 1229, providing that, where a reference to hear and determine has been granted in an action for divorce, judgment cannot be entered of course on the referee's report, but must be rendered by the court, merely requires the interposition of the court to prevent an improper judgment, and does not authorize the special term, on an application for judgment, to review the findings of fact or rulings on questions of law by the referee, but such review can be had only on appeal to the general term.

Action by Sarah G. Smith against John B. Smith for divorce. Defendant moves to confirm the report of the referee. Judgment for defendant.

Charles F. Doyle, for plaintiff.

J. L. Henning and Myer Nussbaum, for defendant.

RUSSELL, J.   A motion is made to confirm the report of a referee appointed to hear and determine the issues in an action of divorce on the ground of adultery, in which there was an affirmative defense of adultery on the part of the defendant, and a counterclaim of the same issue, asking for an affirmative judgment in favor of the defendant.   The reference was to Judge Houghton, of Saratoga Springs; and after hearing the evidence, voluminous in its character, the referee reported in favor of the defendant: Firstly, that he had not committed adultery; and, secondly, that the plaintiff had committed adultery, and awarded a divorce to the defendant.   Upon the motion to confirm the report, the plaintiff's counsel objects that the evidence was insufficient to justify the finding that the defendant had not committed adultery, and also that there was no sufficient evidence to support the finding that the plaintiff had committed adultery.   The court at special term is therefore asked by the plaintiff's counsel to review the findings of the referee, both upon the merits and for errors committed upon the trial in rulings upon evidence, in order to reach the result that the motion to confirm the report should be denied.

Section 1228 of the Code of Civil Procedure provides that the report of a referee to hear and determine shall stand as a decision of the court; and upon it, as a matter of course, a judgment may be entered, without further application to the court, upon the merits. But section 1229 modifies this provision in matrimonial actions so as to require that the judgment itself shall be rendered by the court. It is obvious that the intent of the legislature, in this variance in such actions, was simply to provide that no judgment in such actions should ever be rendered without a direction by the court, and the purpose of this rule is also obvious.   It is against public policy that the marriage contract should be dissolved by agreement, honest or collusive.   The principle which protects this relation carries its necessity into every form of procedure in court in divorce actions, even where a referee to hear and determine has been appointed by the court in a divorce action, and one cannot be appointed without the order or direction of the court; and his decision is not the final judgment, but, for the protection of the policy of the public in its respect for marriages, the court itself must be satisfied that the divorce is fairly granted.   Otherwise, a referee who is appointed to hear and determine might feel compelled, upon the evidence presented, to award a divorce, while the court which has to pronounce the judgment, in its broader scope and power, might interpose its veto; so that, notwithstanding there was prima facie evidence of adultery, sufficient having appeared upon the trial or by proof aliunde to justify it, it might refuse to award judgment. All of this is not intended as a review by the special term of the report of a referee of limited power, as in ordinary cases of that kind, nor is it intended to stand for an appeal to the general term from the referee's decision, or judgment entered on the referee's de-

cision, where all of the questions arising before the referee can be properly heard and determined. It is simply an authority to the supreme court to intervene, and prevent a judgment from being entered which would justify the consummation of a new marriage by the successful party, and the complications arising from the existence of a judgment which might be plainly erroneous. The principle alluded to would not require the court to scrutinize closely the evidence, where the decision of the referee was against any divorce, for in such cases the marriage is protected and preserved. Therefore this court, in the case at bar, will not consider the conflicting evidence and inferences arising upon the referee's finding that the defendant had not committed adultery, as such a review is not within the scope of the meaning of section 1229, or the reason upon which it is founded.

The plaintiff's counsel ask the court to review the affirmative finding in favor of a divorce for the defendant on the ground that there is no sufficient evidence to justify the finding of such a legal conclusion. This presents a somewhat different question from the antecedent one. In the original issue upon which the order of reference was made, there was an affirmative counterclaim, as well as the defense, of adultery on the part of the plaintiff. It was not sufficiently broad, and the court, pending the hearing upon the reference, allowed a supplemental answer averring adultery by the plaintiff, committed after the commencement of the action. As the testimony had largely been given showing the acts of adultery by the plaintiff prior to the service of the supplementary answer, the plaintiff's counsel now claims that this evidence could not be used in support of the supplementary answer without being regiven. His objection does not go upon this argument to the extent that the supplementary issue destroyed the force of the order of reference. This evidence was competent and proper, if not for an affirmative decree of divorce in favor of the defendant, at least for the purpose of destroying plaintiff's power to procure a divorce from the defendant; she being also a guilty party, even if he was also. When the supplementary answer was given, the evidence in the case might apply to all of the issues arising upon the pleadings. This was so held by the referee, and, if he has committed an error in this respect, that error should be reviewed by the general term upon appeal, instead of the special term in pronouncing judgment in this action. Where the issues have been fully and fairly tried before a referee to hear and determine, his decision should stand as a guide for the court in rendering judgment, unless some unjust or inadvertent or unwise ruling appears, which tended to destroy the safeguards which the court throws around the indissolubility of the marriage tie. In such a case, and such case alone, should the special term intervene. I think this doctrine is a reasonable one, and is also sustained by the authorities. Schroeter v. Schroeter, 23 Hun, 230; Ryerson v. Ryerson, (Sup.) 7 N. Y. Supp. 726; Ross v. Ross, 31 Hun, 140; McCleary v. McCleary, 30 Hun, 154; Matthews v. Matthews, 53 Hun, 244, 6 N. Y. Supp. 589. Judgment is therefore ordered for the defendant, in accordance with the conclusion of the referee.